# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**JORGE A. TORRES, JR.,**

     **Plaintiff,**

**v.**                                       **Case No: 5:17-cv-540-Oc-30PRL**

**RICHARD MERCADO, ADRIANE
ISENBERG, LETICIA MARIA
TORRES and VIVIANA DESIRE
GONZALEZ**

     **Defendants.**

---

## ORDER

This case is before the Court for consideration of *pro se* Plaintiff's expedited motion to direct the United States Marshal to serve Defendant at "another place." (Doc. 16). Specifically, Plaintiff requests that the Court Order the Marshal to serve a summons upon Plaintiff's estranged wife during a pretrial conference in the parties' divorce proceedings in state court scheduled for February 8, 2017. As explained below, Plaintiff's motion is due to be denied as to the specific relief requested.

### I.      Background

In this action, Plaintiff has filed a *pro se* Complaint against four named Defendants, including his estranged wife, Leticia Torres, Richard Mercado, Adriane Isenberg, and Viviana Desire Gonzalez, alleging claims under the Driver's Privacy Protection Act of 1994, 18 U.S.C. §§ 2721, *et seq.* (DPPA), for violations of his federal privacy rights as created by DPPA. Plaintiff alleges that Defendants "confederated" to access his personal information without any lawful purpose. Plaintiff alleges that Defendant Mercado is an employee of the City of Tampa Police

Department, and that Mercado accessed and provided Plaintiff's personal information to the co-defendants to be used against Plaintiff as part of divorce proceedings, and to otherwise harm him. (Doc. 1, ¶ 13). Plaintiff contends that all four Defendants have unlawfully accessed and disclosed Plaintiff's information. (Doc. 1 ¶ 14). It is Plaintiff's contention that his former wife, Letitia Maria Torres, maintains a close relationship with Mercado, and that the relationship started after Plaintiff and his wife separated. Plaintiff also alleges that Defendant Gonzalez "frequently becomes friends with and dates police officers in order to use them as a tool to harm the Plaintiff." (Doc. 1, ¶ 13). Plaintiff alleges that Mercado obtained Plaintiff's personal information via misuse access of Florida's DAVID (Driver and Vehicle Information Database) system, and "used or disclosed" the information to the other Defendants. (Doc. 1, ¶ 15). Plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 2).

Thus far, Defendant Adriane Isenberg has appeared and filed an Answer. (Doc. 12). The summonses for Defendants Leticia Torres and Viviana Gonzalez, however, were returned unexecuted by the U.S. Marshal. (Doc. 13 & 14).

## II. Discussion

Plaintiff now moves for the Court to direct the United States Marshal to serve Leticia Torres and Viviana Gonzalez at a specific time and place. (Doc. 16). Plaintiff contends that Defendants Leticia Torres and Viviana Gonzalez are avoiding process, but that he has learned that Leticia Torres has been ordered to appear before the Circuit Court for the Fifth Judicial Circuit at the Marion County Judicial Center on Thursday, February 8, 2018 at 9.00 a.m. in Courtroom 3A, directly across the street from the U.S. Marshals' Office in Ocala. Plaintiff also contends that Leticia Torres' daughter, Viviana Gonzalez, may also be present at that time. Plaintiff attaches a copy of a pretrial order regarding divorce proceedings involving himself and Defendant Leticia

Torres. (Doc. 16, p. 3-6). Plaintiff does not cite any legal authority in support of this novel and specific request.

While Fed. R. Civ. P. 4(c)(3) provides that the Court shall direct the U.S. Marshal to effect service on a defendant, it doesn't compel the Court to direct the U.S. Marshal to act on a specific date and time to do so. The Court is disinclined to direct the U.S. Marshal to effect service at a particular time and place, thereby diverting law enforcement resources that may be needed elsewhere. Importantly, under the Federal Rules, Plaintiff is not without other options. Federal Rule of Civil Procedure 4(c) provides for other means of service, in addition to utilizing the United States Marshal. Further, even if Plaintiff chooses to proceed by relying solely on the United States Marshal, if it becomes necessary the Court has discretion to extend the time for service under Fed. R. Civ. P. 4(m). *See Horenkamp v. Van Winkle & Co*., 402 F.3d 1129, 1133 (11th Cir.2005). Plaintiff, however, has not requested such an extension.

### III.   Conclusion

Accordingly, upon due consideration, it is Ordered that:

(1)      For the reasons explained above, Plaintiff's motion (Doc. 16) is DENIED as to the specific relief requested. If Plaintiff desires an extension of time for service under Rule 4(m), or if Plaintiff wishes to attempt to effect service via the United States Marshal again in the future, as he is entitled to do pursuant to Fed. R. Civ. P. 4(c)(3), Plaintiff may file an appropriate motion. If Plaintiff files such a motion, Plaintiff should provide additional service copies of the Complaint, a copy of this Order, and completed USM–285 forms for the U.S. Marshals Service.

(2)      Plaintiff is again cautioned that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website

(http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled *Guide for Proceeding Without a Lawyer*, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm).

**DONE** and **ORDERED** in Ocala, Florida on February 6, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Marshal Service